### HOGEL v. WARNER et al.

(Supreme Court, Appellate Division, Fourth Department. July 18, 1899.)

INJUNCTION—COMPLAINT—SUFFICIENCY.

A complaint, in an action to restrain the cancellation of a contract and the termination of plaintiff's rights thereunder, which does not state sufficient facts to warrant a finding that the plaintiff would suffer irreparable injury, or which does not show why compensation in money damages may not be made in an action at law, is properly dismissed.

Appeal from equity term, Monroe county.

Action by Hascal A. Hogel, as receiver, against George E. Warner and others, as the board of health of the city of Rochester. From a judgment in favor of defendants, plaintiff appealed. Affirmed.

A motion was made to dismiss plaintiff's complaint as amended, and the court, after hearing the respective parties found, viz.:

That the facts stated in the complaint are not sufficient to constitute a cause of action, and we accordingly direct judgment in favor of the defendant George E. Warner and others, as the board of health of the city of Rochester, against the plaintiff, dismissing the complaint as amended, with costs.

The following is the opinion of the court below (Nash, J.):

Assuming that a valid contract is set out in the complaint as amended, I am of the opinion that the court cannot by injunction restrain the defendants constituting the board of health from taking such action, acting as a board of health, in respect to the cancellation thereof, as they may be advised, or deem it to be their duty. The court cannot assume that the acts of the board of health will be unlawful. The mere voting upon or the passage of a resolution to cancel or annul the contract, without something done by an officer or person acting under authority of the board of health or other official or agent of the city, obstructing or interfering with the plaintiff in the performance of his contract, will not work any injury to the plaintiff. The courts will not interfere, unless in a case where the mere voting on, and formal passage of, the proposed resolution, would instantly, without any action or attempt to enforce any right or privilege under it, effect an irremediable private injury. Whitney v. Mayor, etc., 28 Barb. 233, 236, 237. A resolution of the board of health canceling and annulling the contract upon the ground that it had not been performed would not have that effect, or any effect whatever, if the fact were otherwise. Such a resolution would be absolutely void and without effect. There are many authorities cited and suggestions made by counsel upon the question of the right of the plaintiff to be paid for work and labor performed under the contract, which, in a proceeding at law to compel the audit or payment of the plaintiff's claim and the adjustment of the rights of the other defendants, would be pertinent, but not necessary, to be noticed upon this motion.

The complaint is dismissed, with costs.

As the case is of much importance, the entry in the minutes of the order dismissing the complaint may provide that all proceedings in the action be stayed for 20 days, to enable the plaintiff to take such action as he may be advised.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, and SPRING, JJ.

Slocum & Denton, for appellant.

Frank J. Hone, for respondents.

HARDIN, P. J. The plaintiff seeks to restrain the board of health of the city of Rochester from taking any action declaring the contract set out in the complaint canceled or annulled, and from taking any

other action in the premises tending to terminate plaintiff's rights under said contract, and asks that a temporary injunction issue out of this court restraining the defendants from taking any action declaring the contract set out in the complaint herein canceled or annulled.

The complaint does not state any satisfactory grounds for restraining the action of the board of health which was expressly authorized in the contract to be taken. No sufficient facts are stated in the complaint to warrant the court in finding that the plaintiff would suffer irreparable injury. If an unauthorized cancellation should take place, the plaintiff could seek what remedy he is justly entitled to, for money due for damages which he might suffer, in an action at law. If the defendants should cause a wrongful cancellation, or breach of the contract, no reason is suggested why a compensation in money damages may not be made in an action at law. Besides, the opinion of Nash, J., delivered at special term, satisfactorily states the reasons why the plaintiff is not entitled to recover in this action.

Judgment affirmed, with costs. All concur.